UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SIRIUS COMPUTER SOLUTIONS, INC.,

        Plaintiff,

    v.

NORDISK SYSTEMS, INC.,

        Defendant.

Case No. 3:16-cv-1641-AA,
OPINION AND ORDER

_____

AIKEN, Judge:

Plaintiff filed this action alleging claims for intentional interference with existing and prospective contract relations, misappropriation of trade secrets, equitable accounting, and conversion. Plaintiff seeks economic and compensatory damages, punitive damages, unjust enrichment damages, injunctive relief, and attorney's fees. Defendant filed a counterclaim alleging tortious interference with contract, and plaintiff now seeks dismissal of defendant's counterclaim. The motion is granted.

BACKGROUND

Plaintiff Sirius Computer Solutions, Inc. (Sirius) is a Texas IT corporation, and defendant Nordisk Systems, Inc. (Nordisk) is an Oregon IT corporation in direct competition with Sirius.

Plaintiff's claims and defendant's counterclaim arise from Nordisk's employment of Jason Sparks, a former Sirius employee, in May of 2015.

According to the complaint, in June 2014, Sirius hired Sparks as a Storage Solutions Sales Specialist. Compl. ¶ 8. Sparks was responsible for interacting with and soliciting both prospective and current Sirius customers to purchase IT business solutions. Compl. ¶ 8. As a condition of his employment with Sirius, Sparks signed a "Confidentiality, Protection of Customer Relationships and Non-Solicitation Agreement" (Agreement). Compl. ¶¶ 9–11. The Agreement allegedly prohibited Sparks from soliciting known Sirius customers on behalf of competitors and required Sparks to disclose his obligations to potential future employers. Compl. ¶¶ 12–14. Sirius alleges that, immediately prior to tendering his resignation at Sirius, Sparks accessed and downloaded Sirius files containing confidential and propriety information and disclosed that information for the benefit of Nordisk.

Sirius also alleges that in the months leading to May 2015, Sparks and Nordisk colluded to solicit Sirius customers and employees and interfere with Sirius's relationships with existing and prospective customers and employees. Compl. ¶¶ 30–43. Sirius alleges that this collusion included the dissemination of protected information that belonged to Sirius.

Due to these alleged breaches of the Agreement, on August 6, 2015, Sirius filed suit against Sparks in Bexar County, Texas (the Texas Lawsuit). Compl. ¶ 46; Am. Ans. ¶ 56. Sirius sought a temporary restraining order (TRO) to enjoin Sparks from soliciting or attempting to solicit prospective customers of Sirius, and the Texas court granted the ex parte TRO. Compl. ¶ 47. Following entry of the TRO, Sparks removed the litigation to the United States District Court for the Western District of Texas and filed several counterclaims against Sirius, including claims

for wrongful injunction, malicious prosecution, breach of contract, and tortious interference. Compl. ¶ 49.

On August 14, 2015, Sparks and Nordisk filed suit against Sirius in the District of Oregon. *Nordisk Systems, Inc., v. Sirius Computer Solutions, Inc.*, Case No. 03:15-cv-01540-HZ (D. Or. 2015); Compl. ¶ 50. Ultimately, Sparks withdrew as a plaintiff, and his claims were transferred and consolidated with his counterclaims in the Texas action. Nordisk pursued claims against Sirius for intentional interference with economic relations and abuse of process. Nordisk essentially alleged that Sirius wrongfully sought an overbroad TRO that restrained Sparks from completing his duties as a Nordisk employee. Upon motion by Sirius, District Judge Hernandez dismissed Nordisk's claims on prudential standing grounds.

The Texas Lawsuit brought by Sirius against Sparks continued in the Western District of Texas until May 13, 2016, when Sparks filed for Chapter 13 bankruptcy. On May 19, 2016, the District Court in Texas stayed and administratively closed the proceeding. Compl. ¶ 53.

Following the stay of the Texas Lawsuit, on August 12, 2016, Sirius filed the instant suit against Nordisk. In response, Nordisk asserted a counterclaim for tortious interference with contract based on the TRO Sirius sought and obtained against Sparks. Am. Ans. ¶¶ 52–68.

<u>DISCUSSION</u>

Sirius moves to dismiss Nordisk's counterclaim on grounds that the claim is barred by claim and issue preclusion. Sirius contends that Nordisk's counterclaim is essentially the same claim as the intentional interference with contract claim dismissed by Judge Hernandez on standing grounds, and that the dismissal bars Nordisk from raising the same claim in this action. I agree.

Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Issue preclusion prevents a party from relitigating an issue decided in a previous action if the following requirements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000). "Issue preclusion applies to threshold jurisdictional issues like standing as well as issues going to a case's merits." *Nat'l Ass'n of Home Builders v. Envtl. Prot. Agency*, 786 F.3d 34, 41 (D.C. Cir. 2015) (citing *Underwriters Nat'l Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1982)).

Here, the issue decided in the previous action was whether Nordisk had prudential standing to pursue an intentional tort claim against Sirius based on the allegations that Sirius improperly obtained an overbroad TRO against Sparks and interfered with the employment relationship between Nordisk and Sparks. In the previous action, Nordisk alleged that it had a contractual relationship to Sparks to which Sirius was not a party. It also alleged that Sirius intentionally and wrongfully interfered with the contractual relationship between Nordisk and Sparks by seeking and obtaining an overbroad TRO, based on the non-solicitation agreement, which "rendered Sparks unable to perform the job duties for Nordisk he was hired to perform." Case No. 3:15-cv-1540-HZ (ECF No. 28 at 5). Nordisk alleged that it suffered damages from Sirius's alleged interference, including the wages paid to Sparks and the loss of profits from sales that would have been made by Sparks. *Id.* (ECF No. 28 at 6). Judge Hernandez found that

Nordisk failed to establish prudential standing to pursue its claim, because Nordisk's claims rested upon the rights and interests of Sparks, a third party. *Id.* (ECF No. 39).

In this case, Nordisk makes the very same allegations as it did in the previous case. Nordisk alleges that Sirius improperly interfered with "Nordisk's contractual rights to Sparks' performance" by seeking and obtaining an overbroad TRO against Sparks based on "a void and unenforceable non-solicitation agreement." Am. Ans. ¶ 65. Nordisk had a full and fair opportunity to litigate the issue of prudential standing in the previous action; the issue or prudential standing was actually litigated in the previous action; Nordisk was found to lack prudential standing as a result of a final judgment in that action; and, obviously, Nordisk was a party to the previous action. Therefore, the requirements of issue preclusion are met.

Nordisk nonetheless argues that the "different facts presented" in the current lawsuit cure any defect in standing. Def.'s Response at 14. Granted, "dismissal based on a curable defect in jurisdiction is not generally considered adjudication on the merits for the purposes of issue preclusion, thus permitting a 'second action on the same claim...after correction of the deficiency.'" *Pascua v. Option One Mortg. Corp.*, 2014 WL 7421504, at *7 (D. Haw. Dec. 31, 2014) (quoting *Wolfson v. Bramber*, 616 F.3d 1045, 1064 (9th Cir. 2010)). The curable defect exception "permits litigants whose claims were dismissed on jurisdictional grounds to establish jurisdiction in a subsequent case only if a material change following dismissal cured the original jurisdictional deficiency." *Nat'l Ass'n of Home Builders*, 786 F.3d at 41.

Nordisk claims that the bankruptcy protection sought by Sparks and Sirius's suit against Nordisk, both occurring after the dismissal of Nordisk's claims against Sirius, establish that it "has a sufficient stake in its counterclaim to establish standing." Def.'s Response at 15. I am unpersuaded.

Regardless of whether Nordisk generally has more at stake now that Sirius is suing Nordisk instead of Sparks, Nordisk's "new" facts do not impact Judge Hernandez's finding that Nordisk lacked a stake in the underlying Agreement between Sparks and Sirius or the allegedly improper TRO that formed the basis for Nordisk's intentional interference claim. Nordisk's current intentional interference claim does not rest on the "new facts" of Sparks' bankruptcy filing or Sirius' decision to sue Nordisk for damages allegedly arising from Sparks' breach of the Agreement. Rather, as in the earlier proceeding, Nordisk's claims rest on the TRO Sirius obtained against Sparks, based on the Agreement between Sirius and Sparks.

In finding that Nordisk lacked prudential standing, Judge Hernandez noted that Nordisk did not allege that it had agreed to indemnify Sparks or otherwise entered into an agreement granting it the legal right to stand in the shoes of Sparks. Case No. 3:15-cv-1540-HZ (ECF No. 39 at 9). Nordisk's "new" facts do not cure this jurisdictional defect found in the previous action. While Nordisk argues that Sparks' bankruptcy proceeding had the "effect" of making it an indemnitor, Nordisk alleges no legal right to assume the rights of Sparks.

In sum, issue preclusion applies, and Nordisk lacks standing to raise its counterclaim.

CONCLUSION

Sirius's Motion to Dismiss (doc. 16) is GRANTED, and Nordisk's Counterclaim is HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this __2__ day of ~~January,~~ February 2017.

_____
Ann Aiken
United States District Judge